UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOBILITY WORKX, LLC,<br><br>    *Plaintiff*,<br>v.<br><br>INTERTEK TESTING SERVICES NA, INC.,<br><br>    *Defendant*. | Case No.  1:25-cv-1202 (AMN/PJE)<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Mobility Workx, LLC ("Plaintiff" or "Mobility Workx") files this complaint against Defendant Intertek Testing Services NA, Inc. ("Defendant" or "Intertek") for infringement of U.S. Patent No. 7,231,330 (the "'330 Patent") (the "Patent in Suit").

**I.    PARTIES**

1.    Plaintiff Mobility Workx LLC is a Florida limited liability company that maintains its principal place of business at 215 Circle Drive, Winters, TX 79567.

2.    Mobility Workx is the owner of U.S. Patent No. 7,231,330, entitled "Rapid Mobility Network Emulator Method and System," issued June 12, 2007.

3.    Defendant Intertek Testing Services NA, Inc. is a New York corporation with a principal place of business at 545 E. Algonquin Road, Arlington

1

Heights, IL 60005. Defendant Intertek Testing Services NA, Inc.'s registered agent in this State is Corporation Service Company, 80 State Street, Albany, NY 12207.

## II.     JURISDICTION AND VENUE

4.     Mobility Workx's patent infringement claims arise under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Defendant because it is a resident of this New York and this District.

6.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendant resides in New York and this District.

## III.    COUNT I: INFRINGEMENT OF THE '330 PATENT

7.     Mobility Workx hereby restates, realleges, and incorporates by reference the foregoing paragraphs of the Complaint as if fully stated herein.

8.     Mobility Workx is the owner by assignment of all rights, title, and interest in the '330 Patent. A copy of the '330 patent is attached hereto as Exhibit 1. The '508 Patent is presumed valid and enforceable.

9.     Upon information and belief, Defendant makes, uses, offers for sale, sells, or imports, or in the past made, used, offered for sale, sold, or imported, certain products and services ("Accused Emulation Products/Services") in the United States

that directly infringe one or more claims of the '330 Patent, literally or under the doctrine of equivalents, including at least claims 1-19 of the '330 Patent as set forth in the preliminary infringement claim chart attached as Exhibit 2.

10. To the extent Defendant has infringed or continues to infringe after knowledge of the '330 Patent, such infringement is deliberate, knowing, and willful under 35 U.S.C § 271.

11. Mobility Workx, under 35 U.S.C. § 284, may recover damages adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, Defendant, together with interest and costs as fixed by the Court.

12. The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling Mobility Workx to recover treble damages and attorneys' fees.

## PRAYER FOR RELIEF

Mobility Workx respectfully requests that the Court enter:

a.  A judgment that the Patent in Suit is valid and enforceable;

b.  A judgment that Defendant has infringed directly and indirectly, either literally and/or under the doctrine of equivalents, the Patent in Suit;

c.  A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Patent in Suit;

  d. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant;

  e. Any and all injunctive or equitable relief to which Mobility Workx is entitled, including but not limited to ongoing royalties with respect to Defendant's infringement of the Patent in Suit; and,

  f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 2, 2025

Respectfully Submitted,

By: /s/ Daniel Ravicher

| | |
|---|---|
| Michael Machat (*PHV* forthcoming) | Daniel Ravicher (NDNY No. 706673) |
| Machat & Associates, PC | ZEISLER PLLC |
| 8730 W. Sunset Blvd., Ste. 250 | 45 Rockefeller Plz FL 20 |
| West Hollywood, CA 90069 | New York, NY 10111 |
| Phone: 310-860-1833 | Phone: (212) 671-1921 |
| michael@machatlaw.com | dan@zeisler-law.com |

*Counsel for Plaintiff*