UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOBILITY WORKX, LLC,<br><br>       *Plaintiff*,<br>v.<br><br>INTERTEK TESTING SERVICES NA, INC.,<br><br>       *Defendant*. | Case No. 1:25-cv-1202 (AMN/PJE)<br><br>**JURY TRIAL DEMANDED** |

## **CIVIL CASE MANAGEMENT PLAN AND PATENT SCHEDULE**

Pursuant to General Order #25 (filed as ECF #2), the parties jointly submit this Civil Case Management Plan and Patent Schedule.

**1.     JOINER OF PARTIES:**

Any application to join any person as a part to this action shall be made on or before February 27, 2026.

**2.     AMENDMENT OF PLEADINGS:**

Any application to amend the pleadings to this action shall be made on or before February 27, 2026.

**3.     DISCOVERY:**

All discovery in this action shall be completed within 120 days after issuance of the Court's claim construction order.

4. **MOTIONS:**

All motions, including discovery motions, shall be made within 30 days after close of fact discovery.

5. **EXPERT WITNESS DISCLOSURE:**

Initial expert reports (based on the party with the burden of proof) shall be exchanged within 60 days after the Court's claim construction order. Responsive expert reports shall be exchanged within 30 days after initial expert reports.

6. **MANDATORY MEDIATION:**

If acceptable to the Court, the Parties propose that Magistrate Judge Evangelista preside over an initial settlement conference via video to be set on a date convenient to the Court prior to March 1, 2026.

If Magistrate Judge Evangelista is not available or if the case does not resolve by March 27, 2026, a stipulation selecting mediator must be filed on or before April 24, 2026.

7. **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:**

Plaintiff's Statement: The action will be ready to proceed to trial on or before May 3, 2027, or as early as practical thereafter based on the Court's availability.

Defendant's Statement: Defendant believes the action will be ready to proceed to trial on or before January 10, 2028, or as early as practical thereafter based on the Court's availability.

Parties' Statement: It is anticipated that the trial will take approximately five days to complete. The parties request that the trial be held in Albany, N.Y.

8. **Have the parties filed a Jury Demand?**

    YES.

9. **What is the basis of the Court's subject matter jurisdiction? If it is diversity jurisdiction under 28 USC § 1332(a), does the complaint allege the citizenship of each party, including the citizenship of all members of any LLC or partnership? See 250 Lake Avenue Associates, LLC v. Erie Insurance Co., 281 F. Supp 3d 335, 341 (W.D.N.Y. 2017) ("[A]n LLC has the citizenship of each of its members for diversity jurisdiction purposes.")**

    This is an action for patent infringement. The Court has subject matter jurisdiction under 28 U.S.C. § 1338.

10. **Are the parties subject to the Court's jurisdiction?**

    Yes.

    **Have all parties been served?**

    Yes.

11. **What are the factual and legal bases for Plaintiff's claims and Defendant's defenses (including counterclaims and crossclaims, if applicable)?**

    Plaintiff's Statement: Plaintiff alleges infringement of three of its patents related to mobile network communications. Plaintiff alleges patent infringement based on Defendant's making, using, selling, offering to sell mobile network communications certification services that directly infringe one of Plaintiff's patents

3

and that induce infringement of the other two of Plaintiff's patents.

Defendant's Statement: Defendant denies that it has infringed any of the three patents-in-suit, directly or by inducement. Defendant contends that the Asserted Patents are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112. Defendant also contends that Plaintiff's damages are limited by 35 U.S.C. §§ 286, 287, and/or 288, and that under these provisions of the Patent Statute, Plaintiff is not entitled to any damages. Further, Defendant contends that any alleged infringement is already authorized, and therefore does not constitute infringement and cannot be a basis for any damages, based on the licenses that Plaintiff has already granted to various third parties.

**12. What factual and legal issues are genuinely in dispute?**

Patent infringement, validity, enforceability, and damages. Each of these issues has numerous subcomponents and underlying factual issues.

**13. Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?**

The parties will endeavor in good faith to agree to narrow the issues in litigation. Dispositive motions may be appropriate.

Plaintiff's Statement: Plaintiff may file a motion for summary judgment relating to infringement and one or more of Defendant's defenses, including validity of Plaintiff's patents.

Defendant's Statement: Defendant intends to respond to Plaintiff's Amended Complaint by filing a motion to dismiss under Rule 12(b)(6) for failure to state a claim for pre-suit damages and for induced infringement of two of the patents-in-suit. Additionally, Defendant's intend to file a motion for summary judgment related to noninfringement and invalidity of the patents-in-suit, and damages arising from any alleged infringement of the patents-in-suit. Defendant believes that Plaintiff's infringement allegations are frivolous, and reserves the right to file a motion for attorneys' fees or other appropriate sanctions.

**14. What specific relief do the parties seek? What are the damages sought?**

Plaintiff's Statement: Plaintiff seeks compensatory damages for Defendant's infringement of the patents in suit, enhanced damages for willful infringement, and attorneys' fees.

Defendant's Statement: Defendant seeks a determination that it has not infringed the patents-in-suit, whether directly or indirectly, that the patents-in-suit are invalid and unenforceable, and costs and attorneys' fees.

**15. DISCOVERY PLAN**

**A. Mandatory Disclosures**

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) by December 15, 2025.

B. **Subjects of Disclosure**

The parties jointly agree that discovery will be needed to address the following subjects:

Infringement; validity; enforceability; inequitable conduct; willfulness; damages; license and exhaustion; standing.

C. **Discovery Sequence**

The parties may commence discovery on December 22, 2025, and do not plan to conduct discovery in phases other than what is set forth in the Patent Local Rules.

D. **Written Discovery**

Plaintiff's Statement: Plaintiff currently contemplates seeking written discovery regarding Defendant's making, using, selling, and offering to sell the accused services, its sales and profits therefrom, and its state of mind (for purposes of willful infringement). Plaintiff expressly reserves the right to seek discovery on additional topics not specified in this statement.

Defendant's Statement: Defendant will seek discovery on the factual basis for Plaintiff's claims in the Amended Complaint. Defendant will also seek discovery on: the conception and reduction to practice of the patents-in-suit, prior art to the patents-in-suit known to Plaintiff, products embodying the claims of the patents-in-suit, Plaintiff's efforts to commercialize and/or license the patents-in-suit, the benefits and purported improvement offered by the patents-in-suit, any secondary

indicia of non-obviousness of the claims of the patents-in-suit and the value of the patents-in-suit. Defendant expressly reserves the right to seek discovery on additional topics not specified in this statement. Defendant does not believe there is any need for either party to exceed the number of interrogatories permitted under Rule 33.

The parties reserve the right to modify discovery requests based on relevant case issues.

### E. Depositions

Plaintiff's Statement: Plaintiff currently contemplates taking the deposition of Defendant regarding its making, using, selling, and offering to sell the accused services, its sales and profits therefrom, its state of mind (for purposes of willful infringement), all fact witnesses Defendant discloses in Fed. R. Civ. P. 26(a) disclosures, and all expert witnesses Defendant discloses. The number of depositions will depend on how many individuals Defendant identifies, but Plaintiff anticipates it will be seven or less. Plaintiff does not currently contemplate the need for any non-party fact depositions.

Defendant's Statement: Defendant expects to conduct depositions of Plaintiff regarding the subjects of the written discovery discussed above, the allegations set forth in the Amended Complaint and any defenses and/or counterclaims asserted in this action. Defendant expects to conduct depositions of the witnesses disclosed in

Plaintiff's Rule 26(a) disclosures, third parties with relevant knowledge, all expert witnesses Plaintiff discloses. Defendant at this time expects to conduct approximately seven or fewer depositions of Plaintiff's witnesses, however Defendant reserves the right to seek additional depositions if needed.

### F. Experts

Plaintiff's Statement: Plaintiff currently contemplates retaining one expert on technical issues (i.e. infringement and validity) and one expert on damages.

Defendant's Statement: Defendant expects it may retain approximately three experts relating to non-infringement, invalidity, and damages. Defendant does not seek any variance from the expert disclosure requirements.

### G. Electronic Discovery

Plaintiff's Statement: Plaintiff proposes the parties conduct electronic discovery by identifying fifteen custodians or less and exchanging search terms.

Defendant's Statement: Defendant does not believe email discovery from the parties is necessary to the case. Email discovery is not necessary for any issue in the case, and the cost of email discovery is not proportional the needs or value of the case.

### H. Protective Orders

The parties anticipate the need for a protective order to govern confidential information, including Defendant's making, using, selling, and offering to sell the

accused services, its sales and profits therefrom, its state of mind (for purposes of willful infringement), and Plaintiff's conception and reduction to practice of the patent inventios as well as Plaintiff's commercial activity relating to the patents in suit, including licensing of the asserted patents. The parties propose that they meet and confer regarding any proposed modifications to the Court's model protective order, and separately submit a proposed protective order to the court. To the extent the parties cannot come to an agreement regarding any proposed modifications to the protective order, the parties will submit competing proposals.

### I. Anticipated Issues Requiring Court Intervention

The parties do not currently contemplate any issues requiring court intervention.

**16. Is it possible to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means or presenting evidence? Is it feasible and desirable to bifurcate issues for trial?**

At this time, the parties do not currently contemplate a way to reduce the length of trial and does not think bifurcation will be efficient.

**17. Are there any related cases pending before the Judges of this Court?**

No.

**18. In Class Actions, when and how will the class be certified?**

Not applicable.

**19.   What are the prospects for settlement? Please check below the prospect for settlement:**

1 ____ 2 ____ 3 ____ 4 _D_ 5 ____ 6 ____ 7 ____ 8 _P_ 9 ____ 10 ____
(Very unlikely → → → → → → Likely)

P = Plaintiff's belief
D = Defendant's belief

Plaintiff's Statement: Plaintiff has successfully licensed the asserted patents to a dozen companies in the wireless communications industry. Unfortunately, all but one of the licensees refused to enter a license until after Plaintiff initiated patent infringement litigation. In this case, Plaintiff first filed suit against an affiliate of Defendant in the Eastern District of Texas. That defendant made a motion to dismiss, after which Plaintiff voluntarily dismissed that case and the parties attempted settlement discussions. However, those discussions did not materialize, and Plaintiff was then compelled to file the instant case against Defendant. Plaintiff has settled through license agreement eleven other patent infringement cases and does not see this case as one that should resolve any differently. In none of Plaintiff's prior cases has any party alleged Plaintiff's claims are frivolous, nor has Plaintiff been found to have brought any frivolous claims or ever had any sanctions awarded against it.

Defendant's Statement: Defendant contends this case is extremely frivolous, and that Plaintiff's allegations suffer from facial deficiencies that make resolution improbable at this juncture.

**A. Settlement cannot be evaluated prior to _____ (Date).**

Not applicable. The parties have already engaged in settlement discussions and herein request assistance from the Court with an early settlement conference.

**B. How can settlement efforts be assisted?**

The parties have been discussing settlement between counsel. An objective evaluation by the Court at an early settlement conference would likely be helpful.

**20.** **If your case was selected as a qualifying mandatory mediation case, confirm that you have:**

**A. Reviewed General Order #47**

Yes.

**B. Reviewed the List of Court Approved Mediators available on the NDNY website?**

Yes.

**C. Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program?**

Yes.

**D. Discussed the time frame needed to complete Mandatory Mediation?**

Yes.

Pursuant to Fed. R. Civ. P. 25(f), a meeting was held on December 15, 2025, and was attended by: Daniel Ravicher (counsel for Plaintiff) and Krishnan Padmanabhan (counsel for Defendant).

Dated: December 15, 2025

By: s/ Daniel Ravicher
Daniel Ravicher
NDNY Bar Roll No. 706673
ZEISLER PLLC
45 Rockefeller Plz FL 20
New York, NY 10111
Phone: (212) 671-1921
dan@zeisler-law.com

Michael Machat
(pro hac vice)
Machat & Associates, PC
8730 W. Sunset Blvd., Ste. 250
West Hollywood, CA 90069
Phone: 310-860-1833
michael@machatlaw.com

*Attorneys for Plaintiff Mobility Workx, LLC*

Respectfully Submitted,

By: s/ Krishnan Padmanabhan
Carrie V. Hardman
NDNY Bar Roll Number 516327
Krishnan Padmanabhan
(*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-3564
chardman@winston.com
kpadmanabhan@winston.com

*Attorneys for Defendant Intertek Testing Services NA, Inc.*

## ATTACHMENT A – PATENT SCHEDULE**

| Event | Proposed Deadline |
|---|---|
| Patentee Infringement Contentions | January 5, 2026 |
| Accused Non-Infringement/Invalidity/ Unenforceability Contentions | February 4, 2026 |
| Exchange of Claim Terms for Construction | February 20, 2026 |
| Exchange of Proposed Constructions | March 13, 2026 |
| Joint Claim Construction Statement | April 3, 2026 |
| Completion of Claim Construction Discovery | May 1, 2026 |
| Opening Markman Briefs | May 18, 2026 |
| Opposing Markman Briefs | June 17, 2026 |
| Advice of Counsel Disclosure | 30 days after claim construction decision* |
| Initial Expert Reports (non-claim construction) | 60 days after claim construction decision* |
| Responsive Expert Reports | 30 days after service of initial expert disclosure* |
| Completion of All Discovery | 120 days after claim construction decision |
| Filing of Motions | 30 days after fact discovery* |

*These are time frames specified under the court's local patent rules. The parties may request modification of these deadlines at the Rule 16 Conference.

** If Magistrate Judge Evangelista is available for an early settlement conference, the parties may seek leave to modify these proposed dates to commence after the settlement conference.