# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

---

MOBILITY WORKX, LLC,

       *Plaintiff*,

v.

INTERTEK TESTING SERVICES
NA, INC.,

       *Defendant*.

---

Case No. 1:25-cv-1202 (AMN/PJE)

**JURY TRIAL DEMANDED**

 

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT INTERTEK TESTING
SERVICES NA, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................... 1

II.   BACKGROUND .................................................................................................... 2

    A.   Case History ................................................................................................. 2

    B.   Mobility Workx Previously Asserted and Licensed the Asserted Patents'
       Apparatus Claims ......................................................................................... 2

III.  LEGAL STANDARD .......................................................................................... 5

    A.   Rule 12(b)(6) Failure to State a Claim ...................................................... 5

    B.   The Marking Requirement ........................................................................... 6

    C.   Willful and Indirect Infringement .............................................................. 8

IV.   ARGUMENT ........................................................................................................ 9

    A.   Mobility Workx's Claims for Pre-Suit Damages Should Be Dismissed For
       Failure to Plead Marking Compliance ....................................................... 9

    B.   Because Amendment Would be Futile, the Court Should Dismiss Mobility
       Workx's Claims for Pre-Suit Damages with Prejudice ......................... 12

    C.   The FAC Fails to Plausibly Allege Pre-Suit Knowledge of the Asserted
       Patents, Which Is Fatal To Mobility Workx's Induced and Willful
       Infringement Claims ................................................................................... 14

    D.   The FAC Fails To Plausibly Allege Knowledge of Infringement and Intent,
       Which Independently Warrants Dismissal of Inducement and Willfulness ......... 16

V.    CONCLUSION ................................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amsted Indus., Inc. v. Buckeye Steel Castings Co.*,
    24 F.3d 178 (Fed. Cir. 1994)...................................................................................................7

*Araujo v. E. Mishan & Sons, Inc.*,
    No. 19-cv-5785-GHW-SN, 2020 WL 5371323 (S.D.N.Y. Aug. 7, 2020) .........................8, 14

*Arctic Cat Inc. v. Bombardier Rec. Prods.*,
    876 F.3d 1350 (Fed. Cir. 2017).......................................................................................7, 9, 13

*Arctic Cat Inc. v. Bombardier Rec. Prods. Inc.*,
    950 F.3d 860 (Fed. Cir. 2020)....................................................................................6, 7, 9, 13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).......................................................................................................5, 6

*Bayer Healthcare LLC v. Baxalta Inc.*,
    989 F.3d 964 (Fed. Cir. 2021).......................................................................................8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).......................................................................................................5, 6

*Blackbird Tech LLC v. Argento*,
    No. 21-cv-11018-DLC, 2022 WL 3701084 (S.D.N.Y. Aug. 26, 2022) .........................7, 8, 13

*Bot M8 LLC v. Sony Corp. of Am.*,
    4 F.4th 1342 (Fed. Cir. 2021) .......................................................................................6

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002)..........................................................................................6

*Chrimar Sys. Inc. v. Ruckus Wireless, Inc.*,
    No. 16-cv-00186-SI, 2020 WL 4431787 (N.D. Cal. July 31, 2020) .......................................10

*Cognex Corp. v. Microscan Sys., Inc.*,
    990 F. Supp. 2d 408 (S.D.N.Y. 2013)...........................................................................13

*CRH Med. Corp. v. MDE Med., LLC*,
    No. CV 25-95, 2025 WL 2506804 (D. Del. Sept. 2, 2025) .......................................................16

*Doe v. Yeshiva Univ.*,
    703 F. Supp. 3d 473 (S.D.N.Y. Nov. 28, 2023)...........................................................6

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006) (en banc) .............................................................8

*e-Watch Inc. v. Avigilon Corp.*,
  No. H–13–0347, 2013 WL 5231521 (S.D. Tex. Sept. 16, 2013) .......................7, 11

*Eastman Kodak Co. v. Henry Bath LLC*,
  936 F.3d 86 (2d Cir. 2019) ...............................................................................12

*Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*,
  No. 2:16-cv-00052-JRG-RSP, 2017 WL 4183103 (E.D. Tex. Sept. 4, 2017) .........................7

*ImagineAR, Inc. v. Niantic, Inc.*,
  2025 WL 2592261 (D. Del. 2025) ......................................................................15

*Kaufman v. Microsoft Corp.*,
  No. 16-cv-2880-AKH, 2020 WL 364136 (S.D.N.Y. Jan. 22, 2020) ...............................15, 16

*Lans v. Digital Equip. Corp.*,
  252 F.3d 1320 (Fed. Cir. 2001) ...............................................................6, 7, 9, 10

*LaserDynamics USA, LLC v. Cinram Grp., Inc.*,
  No. 15-cv-1629-RWS, 2015 WL 6657258 (S.D.N.Y. Oct. 30, 2015) ...............................16, 17

*Mobility Workx, LLC v. AT&T Inc.*,
  No. 4:23-cv-00594 (E.D. Tex. filed June 23, 2023) ..............................................3

*Mobility Workx, LLC v. Cisco Systems, Inc.*,
  No. 4:24-cv-00799 (E.D. Tex. filed Sept. 2, 2024) .............................................3

*Mobility Workx, LLC v. Dish Wireless, LLC*,
  No. 4:24-cv-01064 (E.D. Tex. filed Dec. 3, 2024) ..............................................3

*Mobility Workx, LLC v. Samsung Elec. Co., Ltd.*,
  No. 4:24-cv-00798 (E.D. Tex. filed Sept. 2, 2024) .............................................3

*Mobility Workx, LLC v. Spectrum Mobile, LLC*,
  No. 4:25-cv-00752 (E.D. Tex. filed July 11, 2025) .............................................3

*Mobility Workx, LLC v. T-Mobile US, Inc.*,
  4:17-cv-00567 (E.D. Tex. filed Aug. 14, 2017) ................................................3

*Mobility Workx, LLC v. Verizon Commc'ns, Inc.*,
  No. 4:17-cv-00872 (E.D. Tex. filed Dec. 18, 2017) ...........................................3

*Novartis Vaccines & Diagnostics, Inc. v. Regeneron Pharms., Inc.*,
  No. 18-cv-2434-DLC, 2018 WL 5282887 (S.D.N.Y. Oct. 24, 2018) ...............................15, 17

*Olaf Soot Design, LLC v. Daktronics, Inc.*,
  325 F. Supp. 3d 456 (S.D.N.Y. 2018)...........................................................15, 16

*Pfizer, Inc. v. Gelfand*,
  No. 08-cv-2018-LAK, 2008 WL 2736019 (S.D.N.Y. July 9, 2008) ...............................15, 16

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
  853 F.3d 1370 (Fed. Cir. 2017)........................................................................12

*Signify N. Am. Corp. v. Axis Lighting Inc.*,
  No. 19-cv-5516, 2020 WL 1048927 (S.D.N.Y. Mar. 4, 2020)..........................................9, 14

*Symantec Corp. v. Computer Assocs. Int'l, Inc.*,
  522 F.3d 1279 (Fed. Cir. 2008)........................................................................16

*TechnoMarine SA v. Giftports, Inc.*,
  758 F.3d 493 (2d Cir. 2014)...........................................................................13

*Uniboard Aktiebolag v. Acer Am. Corp.*,
  118 F. Supp. 2d 19 (D.D.C. 2000) ....................................................................11

*Univ. of Florida Research Foundation, Inc. v. Motorola Mobility LLC*,
  No. 0:13-cv-61120 (S.D. Fla. filed May 15, 2013)......................................................3

*VDPP, LLC v. Volkswagen Grp. of Am.*,
  No. 4:23-cv-02961, 2024 WL 1313899 (S.D. Tex. Mar. 27, 2024) ......................................11

*Vita-Mix Corp. v. Basic Holding, Inc.*,
  581 F.3d 1317 (Fed. Cir. 2009).......................................................................8, 14

*WBIP, LLC v. Kohler Co.*,
  829 F.3d 1317 (Fed. Cir. 2016).......................................................................14

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
  528 F. Supp. 3d 247 (D. Del. Mar. 24, 2021) .........................................................14

## Statutes

35 U.S.C. § 271 ......................................................................................15

35 U.S.C. § 287 .................................................................................. *passim*

35 U.S.C. § 287(a) ............................................................................... *passim*

## Other Authorities

Fed. R. Civ 12(b)(6)............................................................................. *passim*

## I.    INTRODUCTION

Defendant Intertek Testing Services NA, Inc. ("Intertek") respectfully submits this memorandum of law in support of its motion to dismiss Plaintiff Mobility Workx, LLC's ("Mobility Workx") First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).

First, Mobility Workx's FAC fails to state a claim for pre-suit damages because Mobility Workx has failed to plead compliance with the marking requirement of 35 U.S.C. § 287. Mobility Workx and the prior assignees of U.S. Pat. Nos. 7,231,330 (the "'330 Patent"), 7,697,508 (the "'508 Patent") and 8,213,417 (the "'417 Patent") (collectively the "Asserted Patents") have asserted the same apparatus claims it asserts here against numerous other defendants in the past. Those assertions resulted in settlements and Mobility Workx granting each of those defendants a license to practice the Asserted Patents. Yet Mobility Workx fails to plead that it and its licensees have complied with Section 287 by marking the products covered under the licenses with the Asserted Patents. Because Mobility Workx does not, and cannot, plead such compliance, Mobility Workx's claims for pre-suit damages for infringement of the Asserted Patents should be dismissed with prejudice. And since the '330 Patent expired prior to Mobility Workx providing Intertek with actual or constructive notice of alleged infringement via the filing of the September 2, 2025 Complaint, Count I should be dismissed in its entirety.

Second, the FAC fails to state claims for both pre-suit induced infringement and willful infringement because it does not contain a single well-pleaded fact that Intertek had pre-suit knowledge of the Asserted Patents—a required element for all three claims. Instead, every allegation of knowledge is conclusory and based solely on information and belief, which is insufficient to survive a motion to dismiss.

1

Third, Mobility Workx's allegations of induced infringement amount to nothing more than conclusory statements and the bare recitation of the legal elements of the claim. The FAC identifies no facts suggesting that Intertek knowingly induced a third party to infringe. Because Mobility Workx's allegations as to the '508 and '417 Patents rely only on a theory of inducement, Counts II and III should be dismissed in their entirety.

For each of these reasons, Mobility Workx's FAC should be dismissed in its entirety with prejudice.

## II.    BACKGROUND

### A.    Case History

On November 29, 2024, Mobility Workx filed a complaint against Intertek USA, Inc. in the Eastern District of Texas, alleging infringement of the U.S. Pat. No. 7,231,330 (the "'330 Patent"). Case No. 4:24-cv-01061. On June 26, 2025, Mobility Workx voluntarily dismissed the Eastern District of Texas action and filed its complaint against Intertek Testing Services NA, Inc. ("Intertek") in this Court on September 2, 2025, again alleging infringement of the '330 Patent. Dkt. 1. Intertek answered the complaint on November 3, 2025. Dkt. 13. Mobility Workx then filed the FAC on November 17, 2025, alleging infringement of the '330 Patent as well as the '508 Patent and the '417 Patent. Dkt. 17. Mobility Workx did not plead compliance with 35 U.S.C. § 287 in the original complaint filed in the Eastern District of Texas against Intertek USA, Inc., the original complaint in this action, or in the FAC. Intertek now moves to dismiss Mobility Workx's FAC. The initial case management conference in this case is set for December 22, 2025. Dkt. 18.

### B.    Mobility Workx Previously Asserted and Licensed the Asserted Patents' Apparatus Claims

The '330 Patent is titled "Rapid Mobility Network Emulator Method and System" and relates to "a system for emulating mobile network communications." Dkt. 17-1, Abstract. It

contains apparatus and method claims, of which Mobility Workx asserts claims 1-19 against Intertek. Dkt. 17, ¶11; Dkt. 17-2. The '330 Patent expired August 4, 2025. The '417 Patent is a continuation patent of the '508 Patent, and each is titled "System, Apparatus, and Methods for Proactive Allocation of Wireless Communication Resources." Dkt. 17-3 at 1; Dkt. 17-5, at 1. The '417 and '508 Patents share the same specification and figures and relate to systems for "communication between a mobile node and a communications network," the "communications network having one or more communications network nodes that define [] foreign agents and that communicate with the mobile node in a predefined region." Dkt. 17-3, Abstract; Dkt. 17-5, Abstract. Both patents contain apparatus and method claims; Mobility Workx alleges infringement of "at least claims 7 and 14 of the '508 Patent" and "at least claims 3 and 6 of the '417 Patent." Dkt. 17, ¶¶17, 24. Claim 7 of the '508 Patent and claims 3 and 6 of the '417 Patent are apparatus claims. The '508 and '417 Patents expire September 11, 2027.

Mobility Workx (and the prior assignee of the Asserted Patents) has asserted apparatus claims of each of the Asserted Patents (in addition to method claims) in the following prior cases, each of which was terminated prior to Mobility Workx's Amended Complaint:

- *Univ. of Florida Research Foundation, Inc. v. Motorola Mobility LLC*, No. 0:13-cv-61120 (S.D. Fla. filed May 15, 2013) (asserting the '330 Patent);
- *Mobility Workx, LLC v. T-Mobile US, Inc.*, 4:17-cv-00567 (E.D. Tex. filed Aug. 14, 2017) (asserting the '508 and '417 Patents);
- *Mobility Workx, LLC v. Verizon Commc'ns, Inc.*, No. 4:17-cv-00872 (E.D. Tex. filed Dec. 18, 2017) (asserting the '330, '508, and '417 Patents);
- *Mobility Workx, LLC v. AT&T Inc.*, No. 4:23-cv-00594 (E.D. Tex. filed June 23, 2023) (asserting the '330, '508, and '417 Patents);
- *Mobility Workx, LLC v. Samsung Elec. Co., Ltd.*, No. 4:24-cv-00798 (E.D. Tex. filed Sept. 2, 2024) (asserting the '330, '508, and '417 Patents);
- *Mobility Workx, LLC v. Cisco Systems, Inc.*, No. 4:24-cv-00799 (E.D. Tex. filed Sept. 2, 2024) (asserting the '508 and '417 Patents);
- *Mobility Workx, LLC v. Dish Wireless, LLC*, No. 4:24-cv-01064 (E.D. Tex. filed Dec. 3, 2024) (asserting the '508 and '417 Patents);
- *Mobility Workx, LLC v. Spectrum Mobile, LLC*, No. 4:25-cv-00752 (E.D. Tex. filed July 11, 2025) (asserting the '508 and '417 Patents).

Mobility Workx asserted at least apparatus claim 1 of the '330 Patent against Motorola, Verizon, AT&T, and Samsung; and at least the asserted apparatus claims 3 and 6 of the '417 Patent and apparatus claim 7 of the '508 Patent against AT&T, Samsung, Cisco, Dish and Spectrum, as well as other apparatus claims of the '417 and '508 Patents against T-Mobile and Verizon.[1]

In the prior cases, the products accused of infringing the '330 Patent were network emulation products, including for example, Motorola's "Drive Test Simulator," Verizon's "Device Testing and Certification Lab, which uses a system for emulating mobile network communications," AT&T's "Wireless Testing Lab" and "TRENDI" virtual testing environment, and Samsung's "Galaxy line of mobile devices."[2] The products accused of infringing the '508 and '417 Patents in these prior cases were various "network components" including, for example, "Evolved – Universal Terrestrial Radio Access Network NodeB ('eNB'), Mobility Management Entity ('MME'), Serving Gateway ('S-GW'), and User Equipment ('UE') . . . Examples of UE include[d] the Samsung Galaxy S8," "examples of eNBs include[d] the Nokia 9926 eNodeB," "examples of MMEs include[d] the Nokia 9471 Wireless Mobility Manager," and "[e]xamples of S-GWs include[d] the Nokia 7750 Service Router."[3] The prior cases were resolved through

---

[1] Padmanabhan Decl., Ex. 1 at 1 (University of Florida and Rapid Mobile's Amended Disclosure of Asserted Claims against Motorola); Ex. 2, ¶¶39, 53 (T-Mobile Complaint); Ex. 3, ¶¶36, 50 (Verizon Complaint); Ex. 4 (AT&T Joint Claim Construction Chart); Ex. 5, ¶¶12, 21, 29 (Samsung Complaint); Ex. 6, ¶¶12, 21 (Cisco Complaint); Ex. 7, ¶¶13, 22 (Dish Complaint); Ex. 8, ¶¶18, 27 (Spectrum Complaint).

[2] Ex. 1 at 2 (identifying "Motorola's Drive Test Simulator"); Ex. 3, ¶¶21-26 (identifying Verizon's "Device Testing and Certification Lab"); Ex. 9, at 1-7 ('330 claim chart attached to AT&T Complaint identifying AT&T's testing environments); Ex. 12, at 1 ('330 claim chart attached to Samsung complaint identifying Samsung's Galaxy mobile devices).

[3] Padmanabhan Decl., Ex. 3 at ¶¶21-26 (Verizon Complaint); *see also e.g.*, Ex. 2, ¶¶26-34 (T-Mobile Complaint identifying similar accused network components as Verizon); Exs. 10, 11 ('508 and '417 Patents claim charts attached to AT&T Complaint identifying AT&T's LTE network, and corresponding network components including "eNBs," "gNBs," "user equipment" and other components as comprising infringing systems); Exs. 13, 14 ('508 and '417 Patents claim charts

settlement, where Mobility Workx licensed the defendants and their products to practice the claims

of the Asserted Patents.[4] Mobility Workx admits that it granted licenses to at least Verizon, AT&T,

T-Mobile, Motorola, Dish, and Cisco to practice the Asserted Patents. Padmanabhan Decl., Exs.

29 (Mobility Workx discussing Cisco and Dish license agreements), 30 (Mobility Workx

discussing Verizon license agreements), 31 at 4 (referencing AT&T, Samsung and T-Mobile

settlements). *See also* Dkt. 22, at 10 (Mobility Workx referencing its licensing of the asserted

patents to "dozens of companies").

## III.    LEGAL STANDARD

### A.    Rule 12(b)(6) Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient

factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While not a "probability

requirement," the plausibility standard requires "more than a sheer possibility that a defendant has

---

attached to Samsung Complaint identifying "Samsung's Galaxy line of mobile devices," and corresponding network components); Exs. 15, 16 ('508 and '417 Patents claim charts attached to Cisco Complaint identifying "Cisco's 4G LTE Advanced Pro Solutions products and services, Cisco's LTE Routers including Cisco's 880G, 890G, Branch Routers and SD-WAN appliances, Cisco's 5G Network Architecture products and services, Cisco's Cloud Core and Packet Core products and services for 5G and 4G, Cisco Network Convergence System (NCS) 500 Series products and services, and Cisco's Private 5G service"); Exs. 17, 18 ('508 and '417 Patents claim charts attached to Dish Complaint identifying Dish's "Boost Mobile Plans and Phones" and similar network components); Exs. 19, 20 ('508 and '417 Patents claim charts attached to Spectrum Complaint identifying Spectrum's "Mobile Plans and Phones" including its "TCL Flip 3 smartphone" and similar network components).

[4] Padmanabhan Decl., Ex. 21 (Mediator's Report regarding settlement of Motorola action); Ex. 22 (joint motion to stay and notice of settlement of Verizon action); Ex. 23 (joint motion to stay and notice of settlement of T-Mobile action); Ex. 24 (joint motion to dismiss AT&T action pursuant to settlement); Ex. 25 (joint motion to stay and notice of settlement of Samsung action); Ex. 26 (joint motion to stay and notice of settlement of Cisco action); Ex. 27 (agreed motion to dismiss Dish action pursuant to settlement); Ex. 28 (joint motion to stay and notice of settlement of Spectrum action).

acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions couched as factual allegations and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice" to prevent dismissal. *Id.* (quoting *Twombly*, 550 U.S. at 555).

In the patent context, this means the complaint must include factual allegations that support a reasonable inference that the accused product or service practices each limitation of at least one asserted claim. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). "The level of detail required [to state a plausible claim] will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device. *Id.* In determining whether a complaint states a plausible claim for relief, "a court may consider 'documents attached to the complaint as an exhibit or incorporated in it by reference'" and "matters of which judicial notice may be taken.'" *Doe v. Yeshiva Univ.*, 703 F. Supp. 3d 473, 489 (S.D.N.Y. Nov. 28, 2023) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

### B.    The Marking Requirement

Section 287(a) of the Patent Act precludes relief for patent infringement when the patentee or its licensee "fails to mark properly products within the scope of the patent." *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1326 (Fed. Cir. 2001). Section 287 is designed to "encourage marking, not merely to discourage the sale of unmarked products" and "prohibits a patentee from receiving *any* damages in a subsequent action for infringement after a failure to mark." *Arctic Cat Inc. v. Bombardier Rec. Prods. Inc.*, 950 F.3d 860, 865 (Fed. Cir. 2020) ("*Arctic Cat II*") (emphasis

in original); *see also Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-cv-00052-JRG-RSP, 2017 WL 4183103, at *3 (E.D. Tex. Sept. 4, 2017) (Section 287 "provide[s] an incentive for patentees to inform a potential infringer that someone has a right to exclude him from making, using, offering to sell, or selling the article …") (internal citation omitted).

At the pleading stage, to state a plausible claim to relief, **the patentee** bears the burden of pleading that the patentee, **and any licensees to the patent**, have satisfied the marking requirement. *Blackbird Tech LLC v. Argento*, No. 21-cv-11018-DLC, 2022 WL 3701084, *2 (S.D.N.Y. Aug. 26, 2022) (citing *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 876 F.3d 1350, 1365 (Fed. Cir. 2017) ("*Arctic Cat I*") (emphasis added)); *Arctic Cat II*, 950 F.3d at 863–64 (requirement applies to licensees, "once an alleged infringer identifies products that it believes are unmarked patented articles subject to the notice requirements of § 287, the patentee bears the burden of proving that the identified products do not practice the claimed invention."). A patentee that does not comply with the marking requirement may not recover any damages unless and until it provides the accused infringer with actual notice of its infringement, prior to the expiration of the patent at issue. 35 U.S.C § 287(a); *Lans*, 252 F.3d at 1328; *Arctic Cat II*, 950 F.3d at 864 ("[t]he notice requirement to which a patentee is subjected cannot be switched on and off . . . . Thus, once a patentee begins making or selling a patented article, the notice requirement attaches, and the obligation imposed by § 287 is discharged only by providing actual or constructive notice.").[5]

"The Federal Circuit . . . specifically allows addressing the § 287(a) issue through a motion to dismiss." *See e-Watch Inc. v. Avigilon Corp.*, No. H–13–0347, 2013 WL 5231521, at *3 (S.D.

---

[5] Section 287 may also be satisfied via actual notice to an alleged infringer. But this notice must be of the infringement (not of the patent) and must come from the patentee. *See Lans*, 252 F.3d at 1327; *Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 185 (Fed. Cir. 1994) ("[i]t is irrelevant . . . whether the defendant knew of the patent or knew of his own infringement.").

Tex. Sept. 16, 2013) (dismissing a claim for pre-suit damages under Rule 12(b)(6)) (citing *Lans*, 252 F.3d at 1328). Thus, a patentee fails to state a claim for pre-suit damages for patent infringement by failing to plead marking compliance or actual notice provisions of Section 287(a). *Blackbird*, 2022 WL 3701084, at *2 (citing *Lans*, 252 F.3d at 1328 (affirming district court's dismissal under § 287(a) where products were not marked and the patentee did not inform the defendant of infringement before the patent's expiration)).

### C.    Willful and Indirect Infringement

Courts may also dismiss implausible claims of willful and indirect infringement on Rule 12(b)(6) motions. These theories require, among other things, knowledge of the asserted patent and a specific intent to infringe or encourage infringement while the patent is in force. *See, e.g.*, *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021) ("Knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness. Rather, willfulness requires deliberate or intentional infringement."); *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305–06 (Fed. Cir. 2006) (en banc).

Claims of indirect and willful infringement are dismissed when a plaintiff fails to plausibly allege these elements. For example, courts have dismissed claims for indirect and willful infringement when the plaintiff does not allege that a defendant (1) knew of the asserted patent or (2) specifically intended to infringe or encourage infringement. *Araujo v. E. Mishan & Sons, Inc.*, No. 19-cv-5785-GHW-SN, 2020 WL 5371323, at *4 (S.D.N.Y. Aug. 7, 2020) (dismissing inducement claims where the complaint did "not allege that Defendants had knowledge of Plaintiff's patents at the time it began manufacturing, marketing, or selling the Accused Products, as is required to state a claim for inducing infringement"), *adopted*, No. 19-cv-5785-GHW, 2020

WL 5369888 (S.D.N.Y. Sept. 8, 2020); *Signify N. Am. Corp. v. Axis Lighting Inc.*, No. 19-cv-5516, 2020 WL 1048927, *3 (S.D.N.Y. Mar. 4, 2020) (dismissing willfulness claims where the complaint did "not allege that [defendant had knowledge of [plaintiff's] patents at the time it began selling the accused products").

## IV.    ARGUMENT

### A.    Mobility Workx's Claims for Pre-Suit Damages Should Be Dismissed For Failure to Plead Marking Compliance

The Court should dismiss Mobility Workx's claim for pre-suit damages arising from the alleged infringement of the '508 and '417 Patents, and Count I for infringement of the '330 Patent in its entirety.[6] Mobility Workx triggered the marking requirement via assertion of apparatus claims of the Asserted Patents in the prior cases against Motorola, Verizon, AT&T, T-Mobile, Samsung, Dish, Cisco, and Spectrum products, and its grant of a license to the defendants in those cases. *See infra* Section II.B; *see also* Dkt. 22, at 10. Mobility Workx now asserts apparatus claims of the same patents here, and thus, the marking requirement applies.

Where a patentee is subject to the marking requirement, damages do not accrue until the patentee (or its assignee) notifies the defendant of the alleged infringement. 35 U.S.C. § 287(a). Patentees may satisfy this notice requirement constructively—i.e., by marking patented products—or through providing actual notice to an alleged infringer. *Id.*; *see also Arctic Cat II*, 950 F.3d at 864; *Arctic Cat I*, 876 F.3d at 1366. When a patentee fails to provide such notice prior to the filing of a lawsuit, the patentee cannot receive pre-suit damages. *Lans*, 252 F.3d at 1328;

---

[6] Since Mobility Workx added its claims for infringement of the '508 and '417 Patents in the FAC, the Court should dismiss Mobility Workx's claim for damages for infringement of the '330 Patent occurring prior to the filing of the September 2, 2025 complaint (resulting in dismissal of that count in its entirety based on the patent's expiration), and for damages for infringement of the '508 and '417 Patents occurring prior to the filing of the FAC on November 17, 2025.

*Arctic Cat II*, 950 F.3d at 864. Further, when a patentee fails to provide this notice before a patent expires, the patentee cannot receive any damages or an injunction. *Lans*, 252 F.3d at 1328.

First, there is no dispute that Mobility Workx did not provide Intertek with actual notice of any of the Asserted Patents prior to the filing of the original complaint (Dkt. 1), which would require "the affirmative communication of a specific charge of infringement by a specific accused product or device." *Chrimar Sys. Inc. v. Ruckus Wireless, Inc.*, No. 16-cv-00186-SI, 2020 WL 4431787, at *6 (N.D. Cal. July 31, 2020). Mobility Workx has never pled (and cannot plead) that it affirmatively communicated any charge of infringement, let alone a specific charge of infringement against Defendant Intertek Testing Services NA, Inc.[7] Thus, having failed to provide Intertek Testing Services NA, Inc. actual notice, the issue of Mobility Workx's § 287 compliance here is limited to marking.

It is also undisputed that: (i) the FAC does not plead marking compliance; (ii) Mobility Workx repeatedly asserted apparatus claims of the Asserted Patents in the prior cases; and (iii) Mobility Workx identified its licensees' products as tangible items that practice apparatus claims of the Asserted Patents. These facts require that Mobility Workx's claims for pre-suit damages arising from alleged infringement of the '508 and '417 Patents be disposed of. And since the '330 Patent expired August 4, 2025, and the complaint against Intertek Testing Services NA, Inc. was subsequently filed September 2, 2025, the FAC fails to state a plausible claim for relief arising from either pre-suit or post-suit infringement of the '330 Patent, and thus Count I should be dismissed in its entirety.

---

[7] To the extent Mobility Workx asserts that its complaint against Intertek USA, Inc. filed in the Eastern District of Texas serves to put Intertek Testing Services NA, Inc. on actual notice of alleged infringement of the '330 Patent, Intertek Testing Services NA, Inc. ceased providing the Accused Emulation Products/Services prior to the November 29, 2024 filing date of that complaint, and accordingly, Mobility Workx would still not have any claim for damages.

Courts have granted motions to dismiss claims for pre-suit damages on similar facts. In *VDPP, LLC v. Volkswagen Grp. of Am.*, No. 4:23-cv-02961, 2024 WL 1313899 (S.D. Tex. Mar. 27, 2024), Volkswagen, as the accused infringer, had "the initial burden to put VDPP on notice of its sale of unmarked products" that used the asserted patent, and met that "low bar" by identifying "several VDPP lawsuits against alleged infringers" of the asserted patent. *Id.* at *4. By contrast, "VDPP fail[ed] to plead compliance with the § 287(a) marking requirement." *Id.* The court therefore determined that "VDPP's assertion that it never made or sold a patented product [was] therefore irrelevant," because VDPP offered no showing that it "made reasonable efforts to ensure [its licensees'] compliance with the marking statute." *Id.* The court also held that VDPP could not "recover damages incurred after it filed [the] lawsuit" since "a patentee cannot recover damages— equitable or monetary—on an expired patent." *Id.* (citing *Lans*, 252 F.3d at 1328).

Here, Intertek has likewise identified several lawsuits in which Mobility Workx asserted the same apparatus claims that it asserts in this case (*see infra* Section II.B), and Mobility Workx has twice failed to plead that it and its licensees have complied with the § 287(a) marking requirement. Dkt. 1, 17. Mobility Workx cannot receive pre-suit damages for infringement of any of the Asserted Patents as a matter of law. *Lans*, 252 F.3d at 1328; *see also e-Watch*, 2013 WL 5231521, at *3 (dismissing all pre-suit damages for failure to comply with the marking statute); *Uniboard Aktiebolag v. Acer Am. Corp.*, 118 F. Supp. 2d 19, 26–27 (D.D.C. 2000). And since the '330 Patent expired prior to Mobility Workx notifying Intertek Testing Services NA, Inc. of alleged infringement through service of the complaint filed September 2, 2025, Mobility Workx cannot receive any damages for infringement of that patent.

Accordingly, dismissal of Mobility Workx's claims for pre-suit damages arising from infringement of the '508 and '417 Patents, and dismissal of Count I in its entirety for infringement of the '330 Patent is warranted.

## B. Because Amendment Would be Futile, the Court Should Dismiss Mobility Workx's Claims for Pre-Suit Damages with Prejudice

Mobility Workx's failure to comply with the marking statute is not just fatal—it is incurable. Specifically, Mobility Workx may not amend its complaint to withdraw its apparatus claims and assert only method claims in order to evade compliance with the marking requirement. The Federal Circuit addressed this question directly in *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370 (Fed. Cir. 2017), holding that a patentee may not switch off the marking requirement via artful pleading once it is triggered. There, the defendant challenged the plaintiff's entitlement to damages based on a failure to mark, where (as here) the patentee had a third-party licensee that sold unmarked products embodying an apparatus claim. *Id.* at 1382. In response, the patentee withdrew its apparatus claim, and even went so far as to seek disclaimer (formal removal of that claim from the patent) at the USPTO. *Id.* The district court allowed the patentee to avoid the marking requirement on this basis, but the Federal Circuit reversed, explaining that "disclaimer cannot serve to retroactively dissolve the § 287(a) marking requirement for a patentee to collect pre-notice damages" because this would constitute "an end-run around the marking statute … irreconcilable with the statute's purpose" that would "undermine[] the marking statute's public notice function." *Id.* at 1384. Since Mobility Workx has already asserted apparatus claims of the Asserted Patents against Intertek, no amendment could relieve it of its marking obligations.

Courts will not grant leave to amend pleadings when doing so would be futile. *Eastman Kodak Co. v. Henry Bath LLC*, 936 F.3d 86, 98 (2d Cir. 2019). Additionally, a plaintiff "need not be given leave to amend if it fails to specify . . . how amendment would cure the pleading

12

deficiencies in its complaint." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014). Courts may thus dismiss complaints with prejudice when no plausible amendment would state a viable claim. *Id.*

Mobility Workx will not be able to amend its complaint in good faith to allege compliance with the marking statute. Mobility Workx never claims to have provided Intertek with actual notice of alleged infringement prior to the filing of the original complaint. And Mobility Workx similarly cannot allege prior constructive notice, since it did not require its various licensees—Motorola, Verizon, AT&T, T-Mobile, Samsung, Dish, Cisco, and Spectrum—to mark. *See infra* Section II.B. In those cases, Mobility Workx alleged infringement of apparatus claims of the same Asserted Patents by specifically identifying tangible products. *Id.* Those cases all settled. For Mobility Workx to allege constructive notice, it must show that it required *all* its licensees to mark their accused products with the respective Asserted Patents and that it enforced this requirement. *See Arctic Cat II*, 950 F.3d at 864–65; *Arctic Cat I*, 876 F.3d at 1366.

Mobility Workx has not alleged that its licensees have marked their accused products in compliance with § 287. Nor would such an allegation be trivial for Mobility Workx to make— Mobility Workx bears the burden of pleading compliance and therefore would have to show how *every licensed product* was marked with the Asserted Patents. Accordingly, Intertek respectfully asks the Court to dismiss Mobility Workx's claims for pre-suit damages with prejudice. Courts in the Second Circuit have endorsed such an approach. *Blackbird*, 2022 WL 3701084, at *3 (dismissing amended complaint with prejudice where plaintiff added only a conclusory assertion of compliance with the marking statute without explaining what additional facts it could now allege); *see also Cognex Corp. v. Microscan Sys., Inc.*, 990 F. Supp. 2d 408, 417 (S.D.N.Y. 2013) (denying leave to replead where plaintiffs "knew everything about their compliance with the

marking statute when they filed their Amended Complaint"). Given the FAC's silence as to Mobility Workx's compliance with the marking requirement, the same approach is appropriate here and Mobility Workx's claims for pre-suit damages should be dismissed with prejudice.

**C.    The FAC Fails to Plausibly Allege Pre-Suit Knowledge of the Asserted Patents, Which Is Fatal To Mobility Workx's Induced and Willful Infringement Claims**

Claims of induced and willful patent infringement require both intent to induce infringement and knowledge of the patent. *See, e.g.*, *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) ("Inducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent."); *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) (willfulness requires "[k]nowledge of the patent alleged to be willfully infringed" and a subjective intent to infringe). Because the "purpose of a complaint is to obtain relief from an existing claim and not to create a claim," for claims for induced and willful infringement, courts recognize the potential dangers of "a financial incentive for opportunistic plaintiffs to spring suits for patent infringement on innocent actors who have no knowledge of the existence of the asserted patents." *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 251–52 (D. Del. Mar. 24, 2021). Accordingly, courts in the Second Circuit consistently hold that ***pre-suit*** actual knowledge of the asserted patents is required for claims of induced and willful infringement to survive a motion to dismiss. *See, e.g.*, *Araujo*, 2020 WL 5371323, at *4 (dismissing inducement claims where the complaint did "not allege that Defendants had knowledge of Plaintiff's patents at the time it began manufacturing, marketing, or selling the Accused Products, as is required to state a claim for inducing infringement"); *Signify*, 2020 WL 1048927, *3 (dismissing willfulness claims where the complaint did "not allege that [defendant had knowledge of [plaintiff's] patents at the time it began selling the accused products").

14

In addition, the mere possibility of awareness of a patent is not sufficient—the complaint must plead actual knowledge. *See, e.g.*, *Novartis Vaccines & Diagnostics, Inc. v. Regeneron Pharms., Inc.*, No. 18-cv-2434-DLC, 2018 WL 5282887, at *3 (S.D.N.Y. Oct. 24, 2018) (dismissing willfulness where the complaint merely alleged general "awareness of the existence of the [patent]" because "[n]oticeably absent from the FAC" were facts alleging that plaintiff "took steps to affirmatively make" the defendant aware). Further, the complaint itself cannot be the basis for an allegation of actual knowledge even for post-suit conduct, and claims must be dismissed in their entirety for pre-suit and post-suit conduct, if the complaint does not allege knowledge "prior to the commencement of [the] action." *Pfizer, Inc. v. Gelfand*, No. 08-cv-2018-LAK, 2008 WL 2736019, *1 (S.D.N.Y. July 9, 2008) (dismissing inducement claims due to lack of pre-suit knowledge); *Kaufman v. Microsoft Corp.*, No. 16-cv-2880-AKH, 2020 WL 364136, *4 (S.D.N.Y. Jan. 22, 2020) (granting summary judgment of no willfulness because plaintiff's theory that "the filing of the present suit gave Defendant actual knowledge of the" asserted patent "is not the law in this district"); *Olaf Soot Design, LLC v. Daktronics, Inc.*, 325 F. Supp. 3d 456, 464 (S.D.N.Y. 2018) (granting summary judgment of no willfulness because there was "no record evidence" that defendant "believed there was infringement of any kind before this suit was filed").

Mobility Workx's allegations that Intertek had knowledge of the Asserted Patents for the purposes of induced and willful infringement are entirely conclusory, and legally insufficient. Dkt. 17, ¶¶ 12, 18-19, 25-26. They contain **no facts** whatsoever that could give rise to an inference that Intertek knew of the Asserted Patents prior to the filing of the original complaint. Rather, Mobility Workx's allegations of induced and willful infringement merely parrot the language of 35 U.S.C. § 271. This glaring deficiency renders the FAC insufficient as a matter of law. *ImagineAR, Inc. v. Niantic, Inc.*, 2025 WL 2592261, *9 (D. Del. 2025) (boilerplate allegations of knowledge are

insufficient to survive a motion to dismiss willfulness); *CRH Med. Corp. v. MDE Med., LLC*, No. CV 25-95, 2025 WL 2506804, *3 (D. Del. Sept. 2, 2025) ("Conclusory or 'bare-bones' allegations," such as CRH's allegations, are not sufficient to survive a motion to dismiss.")

Further, the filing of Mobility Workx's FAC may not serve to establish Intertek's knowledge of the Asserted Patents for the purposes of induced and willful infringement. As discussed above, a complaint itself cannot be the basis for an allegation of actual knowledge even for post-suit conduct. *Pfizer*, 2008 WL 2736019 at *1; *Kaufman*, 2020 WL 364136 at *4; *Olaf Soot*, 325 F. Supp. 3d at 464. Because Mobility Workx has failed to allege pre-suit knowledge of the Asserted Patents, and because Mobility Workx alleges only induced infringement with respect to the '508 and '417 Patents, Mobility Workx's claims for willful infringement as to all Asserted Patents should be dismissed, and Counts II and III for induced infringement should be dismissed in their entirety.

### D. The FAC Fails To Plausibly Allege Knowledge of Infringement and Intent, Which Independently Warrants Dismissal of Inducement and Willfulness

Even if the FAC adequately pled pre-suit knowledge of the Asserted Patents (it does not), the FAC also fails because it does not adequately plead specific intent to encourage infringement (for inducement), a subjective intent to infringe (for willfulness), or knowledge of patent infringement (for both). *See, e.g., LaserDynamics USA, LLC v. Cinram Grp., Inc.*, No. 15-cv-1629-RWS, 2015 WL 6657258, at *6 (S.D.N.Y. Oct. 30, 2015) (dismissing inducement, even where there was pre-suit knowledge, because the complaint did not sufficiently allege knowledge that the induced acts were infringing); *Pfizer, Inc.*, 2008 WL 2736019 at *1 (dismissing inducement claim where complaint failed "to allege facts permitting the inference that [party] acted with specific intent to cause direct infringement") (citing *Symantec Corp. v. Computer Assocs. Int'l, Inc.*, 522 F.3d 1279, 1292 (Fed. Cir. 2008) (holding "the specific intent necessary to induce

infringement requires more than just intent to cause the acts that produce direct infringement," namely it "requires evidence of culpable conduct, directed to encouraging another's infringement")); *Novartis*, 2018 WL 5282887 at *2-3 (dismissing willfulness where complaint failed to plead "the necessary subjective intent of infringement," including any facts that plaintiff "took steps to affirmatively make" defendant aware of "alleged infringement" when "years have passed" between introduction of the accused "products in the market and the filing of" the suit).

The FAC does not plead ***any facts*** in support of these elements. The FAC's failure is not surprising, because it "is difficult to assert any Defendant had knowledge ***of the infringement***" in cases where, as here, knowledge of the patent itself "is inadequately established." *LaserDynamics USA*, 2015 WL 6657258 at *6. Mobility Workx's only allegation as to intent is the threadbare statement that prior to the filing of the complaint "Defendant knew of the [patents] and the infringing nature of the Accused Handover Products/Services of others that were directly or indirectly customers of Defendant," "actively encourage customers … to directly infringe," and does so "with knowledge and intent that the customers . . . commit these acts of direct infringement." Dkt. 17, ¶¶ 18, 25. But like its inadequate allegations of knowledge, these vague, unsupported allegations are insufficient to plausibly allege intent and knowledge of infringement.

## V.    CONCLUSION

For the reasons set forth herein, Intertek respectfully requests that this Court grant the instant motion and dismiss Plaintiff's FAC in its entirety and with prejudice, pursuant to Fed. R. Civ 12(b)(6).

Dated: New York, New York

December 15, 2025 **WINSTON & STRAWN LLP**

By:    */s/ Krishnan Padmanabhan*
      Carrie V. Hardman
      Bar Roll No. 516327
      Krishnan Padmanabhan (*pro hac vice*)
      **WINSTON & STRAWN LLP**
      200 Park Avenue
      New York, NY 10166-4193
      Telephone: (212) 294-3564
      chardman@winston.com
      kpadmanabhan@winston.com

      *Attorneys for Defendant*
      *Intertek Testing Services NA, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 15, 2025, a copy of the foregoing and accompanying documents were served upon counsel of record via the Court's CM/ECF system.

<u>*/s/ Krishnan Padmanabhan*</u>
Krishnan Padmanabhan